UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————————X

BRIAN SALER,

                Plaintiff,

  -against-                                      **MEMORANDUM AND ORDER**

ROSALYN EBRAHIMOFF, individually and      05-CV-3359 (ARR)
in her official capacity as Referee of the
Family Court of the State of New York,

                Defendant.
———————————————————————————X

ROSS, United States District Judge:

      Plaintiff, appearing *pro se,* bring this complaint and order to show cause to challenge the drug test he was directed to undergo for use in the child custody case pending in Family Court, Queens County. Plaintiff seeks damages and injunctive relief. Plaintiff paid the filing fee to commence this action. The Court has no jurisdiction to rule on the order to show cause and the complaint is dismissed for the following reasons.

## BACKGROUND

      Plaintiff states that he is scheduled "on July 19, 2005 (tomorrow) for a final disposition hearing on the custody and visitation of my two sons" in Queens County Family Court. Memorandum of Law at ¶ 2. He brings this order and show cause to challenge the state court's order to undergo drug tests on July 14, 2005 and to forestall the use of the results of the drug test in the custody proceedings. Plaintiff alleges that at a hearing on July 14, 2005, the defendant, a Referee of the Family Court, ordered the drug test, and when plaintiff objected, she ordered court officers to escort plaintiff to the medical clinic within the courthouse "to illegally and forcibly

1

obtain body specimens" from me. Memorandum of Law at ¶ 10. Plaintiff alleges that these actions violated his state and constitutional rights.

**DISCUSSION**

According this *pro se* complaint the close and sympathetic reading to which it is entitled, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), it reveals no basis for the exercise of subject matter jurisdiction over plaintiff's suit. "The absence of such jurisdiction is non-waivable; before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction." Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001); Fed. R. Civ. P. 12(h)(3). Moreover, "[w]here jurisdiction is lacking . . . dismissal is mandatory." Manway Constr. Co. Inc. v. Housing Authority of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983); see also Fed. R. Civ. P. 12 (h)(3).

**A. Domestic Relations Exception to Jurisdiction**

The federal courts have customarily declined to intervene is the realm of domestic relations. "Long ago [the Supreme Court] observed that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' So strong is our deference to state law in this area that we have recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees'" Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 124 S.Ct. 2301, 2309 (2004) (quoting In re Burrus, 136 U.S. 586, 593-594 (1890) and Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)); see also McArthur v. Bell, 788 F. Supp. 706 (E.D.N.Y. 1992) (former husband's 42 U.S.C. § 1983 action in which he claimed that his constitutional rights were violated in proceedings in which former wife obtained upward

2

adjustment of child support would require the court to "re-examine and re-interpret all the evidence brought before the state court" in the earlier state proceedings and, therefore, district court did not have subject matter jurisdiction); Neustein v. Orbach, 732 F. Supp. 333 (E.D.N.Y. 1990) (district court held that it lacked jurisdiction because it could not resolve factual disputes connected to domestic relations).

Here, plaintiff's claims are directly related to the child custody case pending before the state court. As plaintiff's claims challenge the referee's order in a child custody proceeding, this action is barred by the domestic relations exception to this Court's jurisdiction. Whereas ordinarily the Court would allow plaintiff an opportunity to amend his complaint, Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000), it need not afford that opportunity here where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction.

**B. Younger Abstention**

While it is clear to the Court that this matter is outside of its jurisdiction, even if there were jurisdiction, the Court would abstain from hearing this matter as the child custody proceeding which the plaintiff seeks to challenge is pending. The Younger abstention doctrine, articulated by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), is based on the fundamental notion that "courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law." Id. at 43. The Supreme Court has subsequently extended this proposition beyond state criminal proceedings, explaining that application of Younger is mandated "not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would

3

disregard the comity between the States and the National Government." Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987).

Younger requires a federal court to decline to exercise jurisdiction over a plaintiff's claims in favor of pending state court proceedings whenever the following three circumstances are found: (1) there is a state court proceeding pending at the time of the commencement of the federal litigation; (2) "the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government" Penzoil, 481 U.S. at 11; and, (3) the plaintiff has the opportunity to litigate the federal issues in the state action. See Thomas v. New York City, 814 F. Supp. 1139, 1149 (E.D.N.Y. 1993) (citing Christ the King Reg'l High Sch. v. Culvert, 815 F.2d 219, 224 (2d Cir.1987)); Donkor v. City of New York Human Res. Admin., 673 F. Supp. 1221, 1225 (S.D.N.Y. 1987). Numerous courts have held that abstention is appropriate where, as here, parents seek constitutional or other review of a state court's orders affecting their parental rights. See, e.g., Elk Grove, 524 U.S. 1, Thomas, 814 F. Supp. 1139; Neustein v. Orbach, 732 F. Supp. 333; Thomas v. Beth Israel Hospital, 710 F. Supp. 935 (S.D.N.Y.1989); Donkor, 673 F. Supp. 1221. Plaintiff may challenge the order issued in family court to a state appellate court. Federal intervention in this matter is improper.

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12 (h)(3), and the Court cannot consider plaintiff's order to show cause for injunctive relief. The Clerk shall enter judge and close this case. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in*

*forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ ALLYNE R. ROSS  
United States District Judge

Dated: Brooklyn, New York  
      July 18, 2005