UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                  :

BRIAN SALER,                         :         05 CV 3359 (ARR)

                 Plaintiff,      :

                                    :         <u>NOT FOR</u>

    -against-                       :         <u>ELECTRONIC OR PRINT</u>

                                    :         <u>PUBLICATION</u>

ROSALYN EBRAHIMOFF, individually and in her
official capacity as Referee of the Family Court of the State :
of New York,                                :         <u>OPINION AND ORDER</u>

                                    :

                Defendants.    :
------------------------------------------------------------- X

ROSS, United States District Judge:

        Plaintiff, appearing *pro se,* brought this complaint and order to show cause to challenge the drug test he was directed to undergo for use in the child custody case pending in Family Court, Queens County. Plaintiff seeks damages and injunctive relief. By order dated July 18, 2005, this court denied plaintiff's request to enjoin the use of the drug test results in his final disposition hearing on the custody and visitation of his two sons. For the reasons below, the court hereby <u>sua</u> <u>sponte</u> dismisses plaintiff's claims against defendant Rosalyn Ebrahimoff and grants plaintiff leave to amend his complaint.

## BACKGROUND

        Plaintiff alleges that at a hearing on July 14, 2005, the defendant, a Referee of the Family Court, ordered plaintiff to undergo drug tests, and when plaintiff objected, she ordered court officers to physically detain and escort plaintiff to the medical clinic within the courthouse "to illegally and forcibly obtain body specimens" from him. Memorandum of Law at ¶ 10. Plaintiff alleges that these actions violated his state and federal constitutional rights.

1

## DISCUSSION

Plaintiff's claims against Rosalyn Ebrahimoff, a Referee of the Family Court of the State of New York are barred by the judicial immunity doctrine. It is well-settled that judicial officers have absolute immunity from suit for judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991). "Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions, without apprehension of personal consequences to [herself]." Id. at 10 (citation omitted). Judicial immunity is immunity from suit, and is not limited to immunity from an assessment of damages. Id. at 11. The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Id. at 11,13. The only way that this immunity can be overcome is if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." Id. at 11-12; see also Tucker v. Outwater, 118 F.3d 930, 932-33 (2d Cir.1997) (flawed or erroneous exercise of authority does not deprive judge of immunity); Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir.1990); Sharp v. Bivona, 304 F.Supp.2d 357, 363- 64 (E.D.N.Y.2004). The Supreme Court has specifically applied the doctrine of judicial immunity to § 1983 cases. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

Referee Ebrahimoff is properly treated as a judicial officer for purposes of this action. Absolute immunity has been extended to individuals performing duties "closely associated with the judicial process." Cleavinger v. Saxner, 474 U.S. 193, 200 (1985). For example, federal

2

hearing examiners and administrative law judges are afforded absolute immunity, because "'[t]here can be little doubt that the role of the modern federal hearing examiner or administrative law judge ... is 'functionally comparable' to that of a judge.'" Id. (quoting Butz v. Economou, 438 U.S. 478, 513, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978)). The same is true of Referee Ebrahimoff. Referees in family court, appointed under New York Civil Practice Law and Rules, "have all the powers of a court in performing a like function." 308 N.Y. Civ. Prac. L. § 4301. That referees are accorded absolute immunity is sensible, since "[j]udges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities." Butz, 438 U.S. at 511; Young v. Selsky, 41 F.3d 47, 51 (2d Cir.1994). Clearly Referee Ebrahimoff's order directing plaintiff to undergo drug tests in connection with family court proceedings did not constitute a nonjudicial action or a judicial action taken "in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. Accordingly, she is immune from prosecution.

Because Referee Ebrahimoff is entitled to immunity, petitioner's claims against her must be dismissed. Due to plaintiff's pro se status, however, he is granted an opportunity to amend his complaint to cure this defect, if possible. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000).[1] Plaintiff is directed to amend his complaint within 30 days of this order. Absent such an amendment, this action will be dismissed.

SO ORDERED.


Allyne R. Ross
United States District Judge

Dated: August 2, 2005
       Brooklyn, New York

---

[1]The court notes, without deciding, that the officers who detained plaintiff may themselves be entitled to quasi-judicial immunity for actions specifically ordered by the referee. See Levine v. Lawrence, No. 03 Civ. 1694, 2005 WL 1412143 (E.D.N.Y. June 15, 2005) (noting a split of authorities on issues of quasi-judicial immunity, but concluding that law enforcement officials are likely entitled to immunity at least for conduct specifically directed by the judge) (citations omitted).

Service List:

Brian Saler
1230 Pennsylvania Avenue
Apt. 14g
Brooklyn, NY 11239

Rosalyn Ebrahimoff
Queens County Family Court
151-20 Jamaica Ave.
Jamaica, NY 11432