FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ APR 28 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

BRIAN SALER,

           Plaintiff,

-against-

ROSALYN EBRAHIMOFF, individually and
in her official capacity as Referee of the
Family Court of the State of New York,

           Defendant.
————————————————————X

**REPORT AND RECOMMENDATION**
05-CV-3359 (ARR)(LB)

**BLOOM, United States Magistrate Judge:**

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983 and under New York State law alleging, *inter alia,* that defendant deprived him of his civil rights by ordering him to undergo a drug test in connection with proceedings in the Queens County Family Court ("Family Court") concerning child custody and visitation. Defendant moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Honorable Allyne R. Ross, U.S.D.J., referred this matter to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that the Court should grant defendant's motion and the complaint should be dismissed for failure to state a claim upon which relief can be granted.

## PROCEDURAL HISTORY AND BACKGROUND

On July 18, 2005, plaintiff filed the instant complaint and an order to show cause challenging a court-mandated drug test seeking to prevent the results from the test from being introduced at a Family Court hearing scheduled for the next day, July 19, 2005. By Order dated

July 18, 2005, the Court dismissed the complaint for lack of subject matter jurisdiction and declined to consider plaintiff's order to show cause for injunctive relief. By Order dated July 20, 2005, the Court *sua sponte* vacated its order of July 18, 2005 insofar as it dismissed plaintiff's complaint for lack of subject matter jurisdiction.

On August 2, 2005, the court again dismissed the complaint *sua sponte*, finding defendant Rosalyn Ebrahimoff ("Ebrahimoff"), a Referee of the Family Court, was a judicial officer and was therefore absolutely immune to suit under 42 U.S.C. §1983. However, the Court afforded plaintiff an opportunity to amend the complaint within thirty days. On September 16, 2005, plaintiff filed an amended complaint naming Ebrahimoff as the sole defendant and repeating the same allegations contained in the original complaint, albeit with slightly different language.

Plaintiff alleges that at a hearing on July 14, 2005, Ebrahimoff ordered that plaintiff undergo a drug test, and when plaintiff objected, she ordered court officers to escort plaintiff to the medical clinic within the courthouse. Plaintiff alleges that defendant caused him to be "falsely arrested and falsely imprisoned." Amended Complaint at 3. Defendant moves to dismiss plaintiff's complaint. Plaintiff opposes the motion.[1] Plaintiff's opposition, filed November 30, 2005, includes a motion for a more definite statement and a "Request for Judicial Notice." See docket entry 9. These motions should both be denied as moot.

## DISCUSSION

### I. Standard for Motion to Dismiss for Failure State a Claim

When a district court considers a motion to dismiss for failure to state a claim pursuant to

---

[1] Although defendant moves to dismiss for both lack of subject matter jurisdiction and for failure to state a claim, the Court should decide defendant's immunity defense as a failure to state a claim.

2

Fed. R. Civ. P. 12(b)(6), it "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999). The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999). A motion to dismiss should only be granted if it "appears beyond doubt that the plaintiff can prove no set of facts ... which would entitle him to relief." King v. Simpson, 189 F.3d 284, 286-87 (2d Cir. 1999). Where, as here, a party is proceeding *pro se*, the Court is obliged to "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## II. Absolute Judicial Immunity

Plaintiff names Ms. Ebrahimoff as the sole defendant in this action. As the Court clearly stated in its August 2, 2005 Order, plaintiff's claims against Ebrahimoff are barred by absolute judicial immunity. It is well-settled that judicial officers have absolute immunity from suit for judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial immunity, like other forms of official immunity, is immunity from suit, not just from the ultimate assessment of damages. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-357 (1978) (internal quotation and citation omitted). The Second Circuit follows the rule set forth in Stump:

> The cloak of immunity is not pierced by allegations of bad faith or malice, even though unfairness and injustice to a litigant may result on occasion. The principle

3

> of judicial immunity recognizes that a judge may err. But it is better for a judge when exercising the discretion inherent in his judicial power to risk some error and possible injury from such error than not to decide or act at all.... The Supreme Court has specifically applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983.

Tucker v. Outwater, 118 F.3d 930, 932 -933 (2d Cir. 1997) (internal quotations and citations omitted).

Absolute immunity has been extended to individuals performing duties "closely associated with the judicial process." Cleavinger v. Saxner, 474 U.S. 193, 200 (1985). Thus, officials whose responsibilities are "functionally comparable" to those of a judge are also absolutely immune from liability. Butz v. Economou, 438 U.S. 478 (1978). Absolute immunity extends to family court officials whose roles are closely associated with judicial function. See e.g., Lomtevas v. Cardozo, No. 05 Civ. 2779, 2006 WL 229908, at *5 (E.D.N.Y Jan. 31, 2006) (support magistrate in the family court entitled to absolute immunity); Holbert v. Cohen-Gallet, No. 05 Civ. 1281, 2006 WL 47452, at *6 (E.D.N.Y. Jan. 9, 2006) (family court referee absolutely immune from suit for her actions in the courtroom even if the search of plaintiff's wallet was in excess of her authority because it was a "judicial act and it was not performed in the clear absence of all jurisdiction."); Bliven v. Hunt, No. 05 Civ. 4852, 2005 WL 3409620, at *2 (E.D.N.Y. Dec. 12, 2005) (absolute judicial immunity extends to court attorneys working for family court judge since their responsibilities are functionally equivalent to those of a judge); DiConstanzo v. Henriksen, No. 94 Civ. 2464, 1995 WL 447766, at *2 (S.D.N.Y July 28, 1995) (family court hearing examiner absolutely immune from liability for his "adjudicatory acts."); Fariello v. Campbell, 860 F. Supp. 54, 68 (E.D.N.Y. 1994) (family court judge, hearing examiners and law clerks had absolute judicial immunity from § 1983 suit ).

Ebrahimoff presided over the plaintiff's custody and visitation proceeding as a Family Court Referee.[2] Her order directing plaintiff to undergo drug tests in connection with Family Court proceedings was a taken within her role as a judicial officer. Thus, Ebrahimoff's actions in the courtroom on July 14, 2005 are entitled to absolute immunity and plaintiff's complaint under 42 U.S.C. § 1983 should be dismissed for failure to state a claim on which relief can by granted.

## CONCLUSION

Accordingly, defendant's motion to dismiss the complaint should be granted and the Clerk of Court should be directed to enter judgment dismissing this action.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

Dated: April 27, 2006
Brooklyn, New York

LOIS BLOOM
United States Magistrate Judge

---

[2] A website explaining the New York Family Courts states that "[s]ome cases such as custody and visitation are conducted by a referee who may hear and decide the case, and issue orders." See http://www.nycourts.gov/courts/nyc/family/whoswho.shtml. Referees, appointed under New York Civil Practice Law and Rules, "have all the powers of a court in performing a like function." 308 N.Y. Civ. Prac. L. § 4301.

5